UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-15-01-F
No. 5:11-CV-198-F

| | |
|---|---|
| MARQUETTE TERRELL JONES,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>    Respondent.. | )<br>)<br>)<br>)     O R D E R<br>)<br>)<br>) |

This matter is before the court on Marquette Terrell Jones's ("Jones") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-35]. Therein, he raises claims challenging the reasonableness of his sentence. However, he is currently pursuing a direct appeal in his criminal case. *States v. Jones*, No. 10-4367 (4th Cir.). The last entry in the appellate court's CM/ECF docket sheet reflects transmission to that court of the record on appeal on November 10, 2010. To date, no ruling yet has been issued on that pending appeal.

It is possible that appeal could resolve issues raised in Jones's § 2255 motion. Therefore, Jones's § motion to vacate is premature. *See McIver v. United States*, 307 F.3d 1327, 1331 n. 2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because direct review relief may render moot the issues also raised on collateral review); *Walker v. Connor*, 72 Fed. App'x 3 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending); and Rule 5, advisory committee note, RULES GOVERNING SECTION 2255 PROCEEDINGS (stating the orderly administration of criminal law precludes considering a § 2255 motion while appeal is pending absent extraordinary circumstances).

Indeed, the well-established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939). Accordingly, " 'if a federal prisoner has a direct appeal pending, federal courts will usually dismiss a § 2255 petition without prejudice with leave to file a new § 2255 petition after the judgment in the pending direct appeal becomes final.' " *Berry v. United States*, No. 4:09-CV-70114-RBH, No. 4:07-CR-896-RBH, slip op. at*2 (D.S.C. May 4, 2010) *(*quoting *Caley v. LaManna*, No. 9:08-CV-2146-GRA-GCK, 2008 WL 2906883, at *3 n. 4 (D.S.C. July 28, 2008)); *see also Hayes v. United States*, No. 7:07-CV-388, 2007 WL 2381984 (W.D. Va. Aug.19, 2007) (dismissing § 2255 motion concerning ineffective assistance of counsel without prejudice due to pending direct appeal).

Because Jones's conviction and sentence are not yet deemed "final," the instant petition is premature. Dismissal of a premature § 2255 motion without prejudice will not prevent Jones from pursuing relief under § 2255 after direct review proceedings are completed. *See United States v. King*, No. 1:08-CR-41, 2010 WL 1357740, slip op. at *1 (W.D. Va. March 25, 2010) (citing *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) (finding that prior § 2255 motion dismissed as premature does not trigger successive petition bar)).

Accordingly, it hereby is ORDERED that Jones's motion to vacate (DE-35) is DISMISSED without prejudice to refile it after his conviction and sentence become final pursuant to the provisions of § 2255. It further is ORDERED, pursuant to Rule 11(a) of the RULES GOVERNING SECTION 2255 CASES, this Court declines to issue a certificate of appealability as Jones has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

2

SO ORDERED.

This, the 25th day of April, 2011.

_____
JAMES C. FOX
Senior United States District Judge

3